## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANELLE COLLINS     :
9556 Route 89       :
North East, PA 16428     :    CIVIL ACTION
             :
      Plaintiff,     :    DOCKET NO.:  1:17-cv-329
     v.         :
             :
ROBERTS TRUCKING COMPANY, INC. :   **JURY TRIAL DEMANDED**
5501 Route 89       :
North East, PA 16428     :
             :
      Defendant.    :
             :

### CIVIL ACTION COMPLAINT

Danelle Collins (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.  This action has been initiated by Plaintiff against Roberts Trucking Company, Inc. (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she was unlawfully terminated from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA and the ADA.

3.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings (with respect to her ADA claims) before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual, with an address as set forth in the caption.

2

8.     Defendant Roberts Trucking Company, Inc. is a company that provides trucking, warehousing, and logistics services.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed with Defendant for approximately five (5) years as a Group Lead, which consisted of primarily office/sedentary work.

12.     Throughout Plaintiff's employment with Defendant, she was a dedicated and hard-working employee, who performed her job well.

13.     In or about August of 2016, Plaintiff was involved in a accident and began to suffer from serious health conditions to her bowel/colon area as a result.

14.     Plaintiff's aforesaid health conditions, at times, affected her ability to perform some daily life activities, including but not limited to working, lifting, pushing, and pulling.

15.     Despite Plaintiff's aforesaid health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, she did require reasonable accommodations.

16.     Plaintiff informed Defendant's management of her aforesaid health conditions and requested/took a block medical leave from in or about August of 2016 until in or about November of 2016, which was approved under the FMLA.

3

17.    During her FMLA leave (discussed *supra*), Plaintiff underwent and spent time recovering from three surgeries related to her aforementioned health conditions.

18.    On or about October 31, 2016, Plaintiff was contacted by Defendant and told that her FMLA was expiring and inquired about Plaintiff's return to work.

19.    Plaintiff only required approximately two weeks of additional medical leave (beyond what Defendant said she was entitled to under the FMLA).

20.    In or about November of 2016, Plaintiff was released to return to work with restrictions, including restrictions on pushing, pulling, and lifting over 5 lbs.

21.    After informing Defendant's management of her return to work date and her restrictions, Defendant's management told Plaintiff that they were "going to see what [they] could do."

22.    Shortly thereafter, Plaintiff was informed by Defendant's management that she was being terminated from her employment with Defendant because they "[did] not have a spot for [her]."

23.    However, upon information and belief, from the time that Plaintiff commenced her medical leave of absence through her return to work date in November of 2017, Defendant had not hired anyone into Plaintiff's position – and therefore, her position was still readily available for her to resume working.

24.    Furthermore, Plaintiff's aforesaid restrictions would not have affected Plaintiff's ability to perform the essential functions of her job because she was rarely ever required to lift, push, or pull more than 5 pounds (as again her job consisted of primarily office/sedentary work).

25.    Plaintiff believes and therefore avers that she terminated as a result of her actual/perceived/record of disabilities, in retaliation for requesting accommodations (including

4

FMLA-qualifying medical leave), and/or as a direct result of Defendant's failure to accommodate Plaintiff's disabilities.

26.    Plaintiff further believes and therefore avers that she was terminated in violation of the FMLA.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**

**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

27.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.    Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected her ability (at times) to perform some daily life activities, as described *supra*.

29.    Plaintiff requested reasonable accommodations from Defendant, including but not limited to block medical leave to care for and treat for her health conditions.

30.    Defendant failed to engage in any interactive process and refused to accommodate Plaintiff and instead terminated her employment before she was able to return from medical leave.

31.    Furthermore, even though Plaintiff had restrictions in November of 2016, such restrictions would not have affected Plaintiff's ability to perform the essential functions of her job, as she was rarely every required to lift, push, or pull more than 5 pounds.

32.    Plaintiff believes and therefore avers that Defendant discriminated against her by terminating her employment because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendant's failure to accommodate her disabilities.

33.    These actions as aforesaid constitute violations of the ADAAA.

**Second Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

34.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

36.    Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

37.    Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment.

38.    Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

39.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

40.    Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; and/or (3) terminating Plaintiff to prevent her from taking further FMLA-qualifying leave in the future.

41.    These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 14, 2017