IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANELLE COLLINS, )<br>    Plaintiff )<br> )<br>        v. )<br> )<br>ROBERTS TRUCKING COMPANY, INC. )<br>and ROBERTS WAREHOUSING, INC., )<br>    Defendants ) | Civil Action No. 1:17-cv-329 |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Roberts Trucking Company, Inc. (properly "Roberts Trucking Company, LLC") ("Roberts Trucking") and Roberts Warehousing, Inc. ("Roberts Warehousing") (collectively "Defendants"), by its attorneys, MacDonald, Illig, Jones & Britton LLP, files this Answer to First Amended Complaint:

## GENERAL DENIAL

Defendants generally deny all allegations in the First Amended Complaint that: (i) plaintiff Danelle Collins ("Collins") was employed by Roberts Trucking; (ii) that Roberts Trucking was a single or joint employer of Collins; and/or (iii) that Roberts Trucking committed any violation of the ADA, FMLA, PHRA and/or any other statute or regulation, or any common law claim, with respect to Collins arising from an employer/employee relationship between Roberts Trucking and Collins, the existence of which is specifically denied.

## ANSWER

1. Admitted in part and denied in part. Defendants admit that plaintiff Danelle Collins ("Collins") filed this First Amended Complaint against Roberts Trucking and Roberts Warehousing presenting claims under the Americans with Disabilities Act, as amended ("ADA"), the Family and Medical Leave Act ("FMLA") and ostensibly the Pennsylvania Human Relations Act ("PHRA"), claiming that she was unlawfully terminated by Defendants and allegedly has sustained damages as a result.

Defendant Roberts Trucking denies all allegations throughout this First Amended Complaint that Collins was employed by Roberts Trucking. To the contrary, Collins was employed by Roberts Warehousing. Defendants deny any and all violations of the ADA, FMLA and/or the PHRA with respect to Collins, and deny any liability to Collins with respect to any of the claims set forth in the Complaint and/or the First Amended Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted as to defendant Roberts Trucking, but only as to administrative remedies under the ADA and FMLA. Defendants deny that Collins filed a charge of Discrimination with the EEOC or a complaint with the PHRA against Roberts Warehousing, or has exhausted her administrative remedies as to Roberts Warehousing.

6. Paragraphs 1 through 5 above are incorporated herein by reference as if fully set forth.

7. Upon information and belief, admitted.

8. Admitted in part and denied in part. Defendant Roberts Trucking admits that it provides trucking services, and limited logistics services but does not provide warehousing services. Defendant Roberts Warehousing admits that it provides warehousing and limited logistics services. The remaining allegations of Paragraph 8 are denied.

9. Admitted.

10. The averments of Paragraph 10 of the First Amended Complaint are conclusions of law to which no answer is required. To the extent an answer may be required, denied.

11. Denied. Defendants deny the allegations in Paragraph 11 of the First Amended Complaint as conclusions of law. Alternatively, Defendants are without knowledge, information or belief as to the truth of the vague and non-specific allegations set forth in Paragraph 11 of the First Amended Complaint which do not adequately identify "at all times relevant" or the "agents, servants and/or employees" who allegedly acted "in the course and scope of their employment" and, therefore, deny the same.

12. Paragraphs 1 through 11 above are incorporated herein by reference as if fully set forth.

13. Denied. Defendant Roberts Trucking denies that it employed Collins at any time or in any capacity. To the contrary, Collins was employed by Roberts Warehousing from August 5, 2011 to October 31, 2016. Defendants deny that Collins was employed by Roberts Warehousing as a Group Leader during the entire tenure of her employment. To the contrary, Collins became a Group Leader on the Value Pack Line, effective April 25, 2016. Roberts Warehousing also denies that Collins' position as Group Leader consisted of primarily office/sedentary work. To the contrary, the Value Pack Line involves breaking down cases of different types of juices, jellies and jams ("products") and reassembling them into variety packs

containing multiple flavors of each product. The Line Leader and Group Leader on the Value Pack Line are required to not only perform administrative activities, but also to perform physically demanding activities involving disassembling cases of each flavor, reassembling them, rewrapping the cases and restacking them. Line Leaders and Group Leaders are expected to be able to perform all of the activities of the individuals on the line when necessary.

14. Admitted in part and denied in part. Defendant Roberts Warehousing admits that Collins generally performed her job with Roberts Warehousing to expectations. The remaining allegations of Paragraph 14 are denied as stated. Additionally, Roberts Trucking denies that Collins was employed by Roberts Trucking.

15. Admitted in part and denied in part. It is admitted that, on or about August 7, 2016, Collins was injured when she sustained a gunshot wound to the abdomen while at home. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 15 and, therefore, deny the same and demands strict proof thereof.

16. Admitted in part and denied in part. It is admitted that Collins was unable to work and took FMLA leave as a result of her injuries. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 16 and, therefore, denies the same and demands strict proof thereof.

17. Denied. To the contrary, Collins did not return to work following the August 7, 2016 incident. On November 8, 2016, Collins' physician, Gregory Beard, M.D., completed a Continuing Disability Claim Form - Physician Statement stating that Collins was last seen on November 8, 2016, that she had not been released to return to work in any capacity, that her next appointment was November 28, 2016, and that her date of expected release was to be determined.

On November 11, 2016, Roberts Warehousing received a note from Dr. Beard stating Collins could return to work on November 21, 2016, but imposing work restrictions which included "no lifting, pushing, pulling greater than 5 pounds, no bending, stooping, or exertional activity." These restrictions could not be reasonably accommodated in Collins' position as Group Leader. Collins provided no indication when or if she would be released to perform the essential functions of her job, or when she would be released with less limiting restrictions that might allow accommodations to be discussed and potentially implemented.

18. Admitted in part and denied in part. It is admitted that on August 8, 2016, Collins requested FMLA leave, which was granted by Roberts Warehousing from August 8, 2016 through October 31, 2016 in accordance with the requirements of the FMLA. It is denied that Collins requested and/or took medical leave until "in or about November of 2016."

19. Admitted in part and denied in part. Upon information and belief, defendants admit that Collins underwent surgery related to the gunshot wound sustained on August 7, 2016. Defendants are without knowledge or information sufficient to form a belief as to whether Collins underwent three surgeries.

20. Denied. To the contrary, prior to the expiration of her FMLA leave on October 31, 2016, Collins did not provide Roberts Warehousing with information concerning her ability or intent to return to work. After reasonable investigation and upon information and belief, Roberts Warehousing did not contact Collins on October 31, 2016 concerning the expiration of her FMLA leave or her intent to return to work.

21. Denied. To the contrary, prior to the expiration of her FMLA leave on October 31, 2016, Collins did not provide Defendants with updated medical information or request any additional leave of absence. Because Collins did not report to work upon the expiration of her

FMLA leave, and did not provide updated medical information or request additional leave prior to the expiration of her FMLA leave, Roberts Warehousing understood that Collins had voluntarily resigned her employment as of October 31, 2016.

In further answer, after Collins' FMLA leave had expired, Dr. Beard completed a Continuing Disability Claim Form - Physician's Statement dated November 8, 2016 indicating that Collins was seen by Dr. Beard on November 8, 2016, that Collins had not been released to return to work in any capacity as of that date, that her next appointment was on November 28, 2016, and that Collins' expected return to work date was "TBD."  On November 11, 2016, Roberts Warehousing received a note from Dr. Beard dated November 9, 2016 indicating that Collins could return to work on November 21, 2016 with restrictions including "no lifting, pushing, pulling greater than 5 pounds, no bending, stooping, or exertional activity.  Patient has follow-up appointment in our office and activity clearance will be evaluated at that time."

22.     Denied as stated.  To the contrary, on November 11, 2016, Roberts Warehousing received a note from Dr. Beard dated November 9, 2016 indicating that Collins could return to work on November 21, 2016 with restrictions including "no lifting, pushing, pulling greater than 5 pounds, no bending, stooping, or exertional activity.  Patient has follow-up appointment in our office and activity clearance will be evaluated at that time."

23.     Admitted in part and denied in part.  It is admitted that, despite Collins' failure to communicate with Roberts Warehousing prior to the expiration of her FMLA leave on October 31, 2016, and despite receipt of the November 8, 2016 Continuing Disability Claim Form completed by Dr. Beard, upon receipt of Dr. Beard's subsequent note dated November 9, 2016, Roberts Warehousing made an assessment whether Collins could return to work given the restrictions imposed upon her by Dr. Beard.  However, given the substantially limiting restrictions imposed

upon her by Dr. Beard, it was determined that Collins could not perform the essential functions of the Group Leader position, with or without an accommodation.  The Group Leader position requires employees to be able to lift, push, pull more than five pounds, bend, stoop, and generally engage in "exertional activity."  The Group Leader position requires employees to work out on the warehouse floor performing both administrative and manual tasks that did not fit within the restrictions imposed upon Collins by Dr. Beard.  Furthermore, there was no indication if and when Collins would be released to perform the essential functions of the Group Leader position.

24. Denied as stated.  To the contrary, upon receipt of Dr. Beard's note dated November 9, 2016, Roberts Warehousing assessed whether Collins could return to the Group Leader position given the restrictions imposed by Dr. Beard.  However, given the limitations imposed by Dr. Beard, Roberts Warehousing determined that Collins could not perform the essential functions of the Group Leader position, with or without an accommodation.

In further answer hereto, Collins was considered to have voluntarily resigned as of October 31, 2016.  However, when Roberts Warehousing received Dr. Beard's note dated November 9, 2016, Roberts Warehousing reviewed the restrictions imposed by Dr. Beard and concluded that Collins could not perform the essential functions of the Group Leader position, with or without reasonable accommodation.

25. Denied.  During Collins' FMLA leave and subsequent to October 31, 2016 when she failed to return from FMLA leave, the Group Leader job duties had been spread among existing employees, and others were trained and assumed job duties formerly performed by Collins.

26. Denied.  To the contrary, the essential functions of the Group Leader position involved greater physical activity than lifting, pushing and pulling greater than five pounds, and

also required bending, stooping and exertional activity, all of which Collins was prohibited from doing based upon information supplied by Dr. Beard.

27. Denied. As stated herein, Collins was not terminated as a result of any actual, perceived or record of a disability, or in retaliation for requesting accommodations for leave.

28. Denied.

### FIRST CAUSE OF ACTION
### Americans With Disabilities Act

29. Paragraphs 1 through 28 above are incorporated by reference as if fully set forth.

30. The averments of Paragraph 30 of the First Amended Complaint are conclusions of law to which no answer is required. To the extent an answer may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 30 and, therefore, deny the same and demand strict proof thereof.

31. Admitted in part and denied in part. It is admitted that Collins requested an accommodation of a block medical leave from Roberts Warehousing, which leave was granted by Roberts Warehousing from August 8, 2016 through October 31, 2016 in accordance with the requirements of the FMLA. The remaining averments and inferences in Paragraph 31 are denied.

32. Denied.

33. Denied. To the contrary, the essential functions of the Group Leader position involved much greater physical activity than lifting, pushing and pulling greater than five pounds, and also required bending, stooping and exertional activity, all of which Collins was prohibited from doing based upon information supplied by Dr. Beard.

34. Denied. As stated herein, Collins was not terminated as a result of any actual, perceived or record of a disability, or in retaliation for requesting accommodations for leave.

35. The averments of Paragraph 35 are conclusions of law to which no answer is required. To the extent an answer may be required, these allegations are denied.

## SECOND CAUSE OF ACTION
## Family and Medical Leave Act

36. Paragraphs 1 through 35 above are incorporated by reference as if fully set forth.

37. The averments of Paragraph 37 of the First Amended Complaint are conclusions of law to which no answer is required. To the extent answer may be required, after reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 37 and, therefore, deny the same and demand strict proof thereof.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted. In further answer hereto, Collins was granted a leave of absence under the FMLA from August 8, 2016 through October 31, 2016 in accordance with the requirements of the FMLA. Despite having been advised in writing that her FMLA leave would expire on October 31, 2016, Collins did not request additional leave and did not express an intent to return to work prior to the expiration of her FMLA leave on October 31, 2016.

42. The averments of Paragraph 42 are conclusions of law to which no answer is required. To the extent an answer may be required, these allegations are denied.

43. The averments of Paragraph 43 are conclusions of law to which no answer is required. To the extent an answer may be required, these allegations are denied.

WHEREFORE, defendants Roberts Trucking Company, Inc. and Roberts Warehousing, Inc. demand that judgment be entered in their favor and against plaintiff Danelle Collins with respect to all claims set forth in Counts I and II of the First Amended Complaint and that Roberts Trucking Company, Inc. and Roberts Warehousing, Inc. be awarded attorneys' fees, expenses and costs from Danelle Collins to the fullest extent permitted by law and rule of Court.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

44. Defendants deny any and all allegations set forth in the First Amended Complaint that defendants did not expressly admit in Paragraphs 1 through 43 above.

### SECOND ADDITIONAL DEFENSE

45. Count I of the First Amended Complaint fails to state claims against Roberts Trucking or Roberts Warehousing upon which relief can be granted.

### THIRD ADDITIONAL DEFENSE

Count II of the First Amended Complaint fails to state claims against Roberts Trucking or Roberts Warehousing upon which relief can be granted.

### FOURTH ADDITIONAL DEFENSE

46. The actions taken with respect to Collins were based upon legitimate, non-discriminatory reasons.

### FIFTH ADDITIONAL DEFENSE

47. Collins cannot establish a *prima facie* case of discrimination or retaliation under the ADA, FMLA and/or the PHRA.

### SIXTH ADDITIONAL DEFENSE

48. Collins did not have a disability within the meaning of the ADA or PHRA.

### SEVENTH ADDITIONAL DEFENSE

49. Collins was not qualified to return to the position of Group Leader on or after October 31, 2016, with or without a reasonable accommodation.

### EIGHTH ADDITIONAL DEFENSE

50. Collins' allegations in effect request indefinite leave which constitutes an undue burden or hardship.

### NINTH ADDITIONAL DEFENSE

51. Defendants did engage in an interactive process with Collins.

### TENTH ADDITIONAL DEFENSE

52. Collins' inability to return to work for an undetermined length of time rendered her unable to perform the essential functions of her job.

### ELEVENTH ADDITIONAL DEFENSE

53. Because Collins did not have a reasonable estimate of when she would be able to resume the essential functions of her job, the only potential accommodation that would allow Collins to perform the essential functions of her position would have been an indefinite reprieve from performing those functions, which is an unreasonable accommodation as a matter of law.

### TWELFTH ADDITIONAL DEFENSE

54. The First Amended Complaint, and each of its causes of action, are barred because all actions with respect to Collins were taken in good faith and/or in a manner consistent with business necessity.

### THIRTEENTH ADDITIONAL DEFENSE

55. Defendants are entitled to a set-off or credit against Collins' damage claim for any earnings and/or benefits that Collins received or could have received had she mitigated her damages.

**FOURTEENTH ADDITIONAL DEFENSE**

56. The First Amended Complaint fails to state claims against Defendants upon which an award of liquidated or punitive damages can be based.

**FIFTEENTH ADDITIONAL DEFENSE**

57. The imposition of punitive damages against Defendants would violate the applicable provisions of the constitutions and statutes of the United States of America and the Commonwealth of Pennsylvania.

**SIXTEENTH ADDITIONAL DEFENSE**

58. The First Amended Complaint fails to state claims against Defendants upon which an award of attorneys' fees and costs can be based.

**SEVENTEENTH ADDITIONAL DEFENSE**

59. Collins has failed to exhaust her administrative remedies.

**EIGHTEENTH ADDITIONAL DEFENSE**

60. Defendants reserve the right to assert additional defenses to the claims set forth in the First Amended Complaint at such time and to such extent as is warranted by pre-trial discovery or other developments in this civil action and as otherwise permitted by law, rule and/or this Honorable Court.

WHEREFORE, defendants Roberts Trucking Company, Inc. and Roberts Warehousing, Inc. demand that judgment be entered in their favor and against plaintiff Danelle Collins with respect to all claims set forth in the First Amended Complaint and that Roberts Trucking Company, Inc. and Roberts Warehousing, Inc. be awarded attorneys' fees, expenses and costs from Danelle Collins to the fullest extent permitted by law and rule of Court.

A JURY TRIAL IS HEREBY DEMANDED.

Respectfully submitted,

s/ Matthew W. McCullough
Matthew W. McCullough
PA 46950
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7602
(814) 454-4647 FAX
mmccullough@mijb.com

Attorneys for Defendant
   Roberts Trucking Company, Inc.
   (properly "Roberts Trucking Company, LLC")
   and Roberts Warehousing, Inc.

1561582

## CERTIFICATE OF SERVICE

I certify that on March 19, 2018, the foregoing Answer to First Amended Complaint was filed electronically with the Clerk of Court, using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the Court's ECF system.

                                                  s/Matthew W. McCullough
                                                  Matthew W. McCullough